## QUIETING TITLE TO PROPERTY CLAIMED AS A STREET.

Circuit Court of Hamilton County.

SOPHIA DRUCKER v. VILLAGE OF HOME CITY. *

Decided, November 23, 1907.

*Title—To Property Ineffectually Dedicated for Street Purposes—Rights*
*of a Subsequent Grantee—Adverse Possession.*

1. The dedication of a street of a village can not take place before the
   creation of the village, and where an attempt is made to dedicate
   property for a street, but before the creation of the village the
   dedicator conveys the property to another by deed in the usual
   form, such conveyance amounts to a revocation of the dedication.

* Affirmed by the Supreme Court without report, *Village of Home City*
v. *Drucker,* 81 Ohio State.

2. Title is obtained by adverse possession as against a corporation, where the probabilities as to the situation bear out the positive testimony of the plaintiff asserting such possession.

*Albert Betlinger,* for plaintiff.
*James B. Matson* and *Sayler & Sayler,* contra.

The plaintiff in this case sued to quiet title to a strip of ground claimed by the defendant village as a street. The contention of the village was that certain streets within the territory which now forms a part of the village were dedicated by the owner of the lands in 1849, thirty years before the incorporation of the village. The plaintiff built a fence across one of these streets and for many years used the space as a garden.

SWING, J.; GIFFEN, J., and SMITH, J., concur.

We are of the opinion that the plaintiff is entitled to the relief sought on two grounds:

1st. She has title to the premises through deeds from the Cincinnati Building Association. The dedication of the building association could not have taken effect before the creation of the village of Home City in 1879. There was no grantee in existence to take, and of course there could have been no acceptance until after the creation of the village. Long before this, to-wit, in 1860, the building association deeded away this property, and therefore under the decision in the case of *Lockland* v. *Smiley,* 26 O. S., 94, the conveyance operated as a revocation as to the property conveyed.

2d. She is entitled to recover as owner by reason of adverse possession for more than twenty-one years under a claim of right. Title by adverse possession in Ohio is as good against a corporation as against an individual, the only difference being in the character of the proof required. 17 C. C., 472, affirmed by the Supreme Court.

The evidence here was conflicting, as it generally is when witnesses are testifying to facts which existed twenty years before. All the witnesses seemed to be honest and fair and disinterested, but we feel bound to think that the witnesses for the plaintiff had the best opportunity to observe the conditions that existed there, especially the Crosses, and not only this but it

would seem very unreasonable that Drucker should have main-
tained a fence around only a portion of her garden at the point
where she did. It would seem that a fence was necessary to pro-
tect her garden, which she planted yearly on the ground in ques-
tion. Without a fence she could not hope to raise a crop, and
all the witnesses agree that she raised crops yearly on this prop-
erty, and there was no evidence that any of her crops were ever
injured by animals or otherwise.

We feel therefore that the probabilities as to the situation bear
out the positive evidence of the plaintiff.

Decree accordingly.